UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KEN EZEAH**,

        Plaintiff,

        v.

**EXECUTIVE OFFICE OF THE UNITED STATES ATTORNEYS**,

        Defendant.

Case No. 24-cv-00077 (TNM)

## MEMORANDUM OPINION

Ken Ezeah requested records under the Freedom of Information Act from the Executive Office for United States Attorneys (EOUSA). EOUSA searched for responsive records but located none, so it now moves for summary judgment. For the following reasons, the Court will grant EOUSA's motion in part.

**I.**

Ezeah is serving a 132-month prison sentence after pleading guilty in the U.S. District Court for the Western District of Oklahoma to one count of conspiracy to commit wire fraud. *United States v. Ezeah*, 2017 WL 11513243, at *1 (W.D. Okla. Oct. 25, 2017). On January 18, 2023, Ezeah requested:

> 1) A copy of the affidavit in support of the search warrant prepared by Agent Christine Beining served on my property [in Houston, Texas in January 2016].
>
> 2) Copies of all email and text message correspondences between the prosecuting attorney for the government Tim Ogilvie and [m]y trial attorney Bob Wyatt pertaining to my prosecution from the period of the 27th of January 2017 till date [sic].
>
> 3) Preferably unredacted copies of all three proffer interviews I participated in with the F.B.I. Agent Tim Schmitz and my trial

>attorney Bob Wyatt, the first of which began on the 2nd of February 2017 at the Federal Court house [sic] in Oklahoma.
>
>4) Copies of all email and text message communications between F.B.I. Agent Tim Schmitz and Prosecutor Tim Ogilvie pertaining [to the search warrant].[1]
>
>5) Copy [sic] information pertaining to the owner and the terms of purchase of my property [in Houston, Texas].

FOIA Request, ECF No. 11-1.[2] Three months later, EOUSA acknowledged receipt of the Freedom of Information Act (FOIA) request and assigned it tracking number 2023-001525. Am. Compl. Ex. A, ECF No. 6-1. After waiting nearly a year, Ezeah filed this lawsuit because EOUSA had "yet to turn over the documents[.]" Compl., ECF No. 1, at 1. A search ensued. Decl. of Auborn Finney ¶ 7, ECF No. 22-2. EOUSA "does not maintain a centralized database" for the 93 U.S. Attorney's Offices it supports. Finney Decl. ¶¶ 6,1. Each district maintains its own records. So EOUSA tasked the U.S. Attorney's Office for the Western District of Oklahoma (USAO-WDOK) with searching for potentially responsive records. "USAO-WDOK's search produced no documents responsive to [Ezeah's] request." Finney Decl. ¶ 13; Letter from EOUSA to Ken Ezeah (Aug. 23, 2024), ECF No. 22-3.

EOUSA moved for summary judgment. Three days later, the Court advised Ezeah to respond to EOUSA's motion in sixty days. *Fox-Neal* Order, ECF No. 23. Ezeah requested and was granted another thirty-day extension of time. Pl. Mot. Extension Time, ECF No. 24; Min.

---

[1] "Special Agent Tim Schmitz of the FBI" "identified Ezeah as the resident of [an] address" in Houston, Texas, searched pursuant to a warrant. *See United States v. Ezeah*, 2016 WL 7410735, at *2 (W.D. Okla. Dec. 22, 2016).

[2] EOUSA's declarant narrowly interprets the FOIA request as seeking only communications and correspondence. Finney Decl. ¶ 5. The affidavit refers the Court to "attachment A for a true and accurate statement of the contents." *Id*. But Attachment A is EOUSA's final no-records response. ECF No. 22-3. The actual request is an exhibit to Ezeah's Motion to Supplement the Record, ECF No. 11.

2

Order 2/5/2025 (granting extension). Still, no response has been filed seven months later. EOUSA's motion for summary judgment is ripe for decision.

## II.

A court cannot treat an unopposed summary judgment motion as conceded. It "must determine for itself that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law, and then 'should state on the record the reasons for granting or denying the motion.'" *Winston & Strawn v. McLean*, 843 F.3d 503, 509 (D.C. Cir. 2016) (quoting Fed. R. Civ. P. 56(a)). A genuine issue of material fact "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must first carry the burden to show that it is entitled to judgment as a matter of law. *Id.* Then the nonmoving party must establish more than "the mere existence of a scintilla of evidence" in support of his position. *Id.* All facts and reasonable inferences drawn from them must be interpreted in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

FOIA generally requires federal agencies to "disclose information to the public upon reasonable request unless the records at issue fall within specifically delineated exemptions." *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 365–66 (D.C. Cir. 2008). An agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). Those declarations may not be contradicted by record evidence "or by evidence of agency bad faith." *See Aguiar v. DEA*, 865 F.3d 730, 734–35 (D.C. Cir. 2017). Such declarations receive "a presumption of good faith." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

3

### III.

When an agency's search yields no responsive records, the sole question on summary judgment is whether the agency "has discharged its FOIA responsibilities" by conducting an adequate search. *Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009). The "search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). An inadequate search for records is an improper withholding under FOIA. *See Steinberg v. Dep't of Justice*, 23 F.3d 548, 551–52 (D.C. Cir. 1994).

A FOIA search's reasonableness depends on the "appropriateness of [its] methods," not its "fruits." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003). The key question is "whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *SafeCard Servs., Inc.*, 926 F.2d at 1201. An agency must show through "a reasonably detailed affidavit," *Iturralde*, 315 F.3d at 313–14, "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested," *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). This entails "setting forth the search terms and the type of search performed." *Id*.

EOUSA has partly carried its burden. Recall that each U.S. Attorney's Office maintains its own records. EOUSA plausibly explains why, as the prosecuting office, the Western District of Oklahoma was "the only District with potentially responsive documents[.]" Finney Decl. ¶¶ 6, 12. That office "performed an electronic search" of CaseView, which tracks "civil and criminal cases, appellate investigations, and matters within the USAO-WDOK" by parties' names, USAO case jacket numbers, and Court case docket numbers. Finney Decl. ¶¶ 8–9.

4

When the search commenced, Ogilvie had retired from the Department of Justice, and the prosecuting office "no longer ha[d] access to his emails." Finney Decl. ¶ 11. So the legal assistant who worked with Ogilvie "was asked to search her files for any responsive documents." *Id.* Staff also "searched the case file CR # 5:16 CR-0029-D-1 and CV # 5:19-CV-00939-D," both cited in the FOIA request. Finney Decl. ¶ 10. Those "files did not contain any correspondence between Bob Wyatt and Tim Ogilvie or between Tim Ogilvie and Tim Schmitz." Neither did they "contain any emails." *Id*.

EOUSA has demonstrated a reasonably adequate search for records responsive to items two and four of the FOIA request. FOIA Request, ECF No. 11-1, at 1. Not so for unaddressed items one, three, and five. *Id.* It is quite conceivable that EOUSA would not have a retired prosecutor's text messages or any other documents relating to these items, but it has not said as much in the current record. Finney Decl. *passim*. In similar FOIA cases, the Court has granted plaintiffs' cross-motions for summary judgment for inadequate or incomplete searches, requiring the agency to fill holes in its searches and produce any responsive documents. *E.g.*, *Louise Trauma Ctr., LLC v. DHS*, 2022 WL 1081097, at *6 (D.D.C. Apr. 11, 2022). But these cases involved cross-motions for summary judgment, which Ezeah has not filed. *Id.* at *1.

Nonetheless, the summary judgment rule allows the Court to "grant summary judgment for a nonmovant" "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f)(1). Accordingly, the Court hereby gives notice to the Government that it intends to grant summary judgment to Ezeah as to its inadequate searches on items one, three, and five in his FOIA request. The Government may respond by September 10, 2025, with further information about searches accomplished vis-à-vis those requests.

5

## CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part EOUSA's motion for summary judgment. A separate order will issue today.

Dated: July 21, 2025
                                            TREVOR N. McFADDEN
                                            United States District Judge