UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**KEN EZEAH**,

        Plaintiff,

        v.

**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**,

        Defendant.

Case No. 1:24-cv-00077 (TNM)

## MEMORANDUM OPINION

Ken Ezeah submitted a Freedom of Information Act request to the Executive Office for United States Attorneys ("EOUSA"). He sued the agency after its search yielded no responsive records. In July 2025, the Court granted in part and denied in part EOUSA's motion for summary judgment. It also directed the agency to submit a supplemental declaration regarding its response to Ezeah's FOIA request. EOUSA has done so. Ezeah also moved for the Court to reconsider its grant of partial summary judgment to EOUSA. The Court denies Ezeah's motion. And it grants full summary judgment to the agency.

**I.**

Ezeah is incarcerated on a wire fraud conspiracy conviction. Mem. Op., ECF No. 26, at 1. In early 2023, he sent EOUSA a FOIA request asking for records regarding his prosecution in the Western District of Oklahoma. Supp. Finney Decl., ECF No. 30-1, Attach. A.[1]

---

[1] EOUSA failed to attach a copy of Ezeah's FOIA request to its summary judgment motion. Supp. Finney Decl. ¶ 5; *see also* Def.'s Opp. & Resp., ECF No. 30, at 1 ("Defendant acknowledges an error in its summary judgment submission."). The agency instead provided only its final no-records response to Ezeah's request. Mem. Op. at 2 n.2. Due to this omission, the Court treated Ezeah's attachment at ECF No. 11-1 as his FOIA request. *See id.* In its supplemental declaration, EOUSA now states that it "did not receive the request" Ezeah attached

EOUSA's search uncovered no responsive documents. Mem. Op. at 2. Ezeah sued, and EOUSA moved for summary judgment. *Id.* Ezeah failed to respond to EOUSA's motion even after the Court gave him a 30-day extension. *Id.* at 2–3. The Court granted partial summary judgment to the agency. *Id.* at 6. It ruled that EOUSA's search was adequate with respect to the two items (numbers 2 and 4) that its briefing discussed. *See id.* at 5. By contrast, the Court found that the agency had not addressed the other three items in what the Court took to be Ezeah's FOIA request. *See id.* It thus denied summary judgment on those items and warned EOUSA "that it intend[ed] to grant summary judgment to Ezeah" if the agency did not further explain itself in a supplemental filing. *Id.*

Ezeah now asks the Court to reconsider its partial grant of summary judgment to EOUSA. Mot. Recons., ECF No. 28. The agency has filed an opposition to that motion coupled with a supplemental declaration. Def.'s Opp. & Resp., ECF No. 30; Supp. Finney Decl. ¶¶ 1–12.

## II.

Rule 54 provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011) (cleaned up). "But because the decision whether to reconsider its interlocutory rulings is within the Court's discretion[,] the Court may nevertheless elect to grant a motion for reconsideration if

---

at ECF No. 11-1. Supp. Finney Decl. ¶ 6. The agency suggests that "ECF No. 11-1 is a request Plaintiff submitted to the FBI"—not EOUSA. *Id.* ¶ 7. Most importantly, the agency has now attached the FOIA request (No. 2023-001525) it received from Ezeah. *See id.* Attach. A.

there are other good reasons for doing so." *Reps. Comm. for Freedom of the Press v. FBI*, 754 F. Supp. 3d 56, 64 (D.D.C. 2024) (cleaned up). Considering Ezeah's explanation for his tardy filing, the Court considers his arguments on the merits.

### III.

The Court first considers Ezeah's bid for reconsideration and then addresses EOUSA's supplemental declaration.

### A.

Ezeah asserts that the Court erred in holding that EOUSA's search was adequate with respect to two items: those that requested communications between the federal prosecutor on Ezeah's case and his defense attorney, as well as between the prosecutor and an FBI agent. *See* Mem. Op. at 1–2, 4–5. He contends that "the government's claimed inability to access emails from a retired Assistant U.S. Attorney . . . fails to meet the legal standard for an adequate search under FOIA." Mot. Recons. at 1. After all, Ezeah posits, federal agencies "routinely retain emails of former employees through centralized and archived servers," so there was no excuse for EOUSA's inability to locate the retired prosecutor's emails. *See id*. at 2.

EOUSA's response shows why Ezeah's argument falls flat. The agency explains that by the time it received the FOIA request in March 2023, the requested emails from 2016 and 2017 would have been "permanently" deleted under the Department of Justice's three-year record retention policy. *See* Supp. Finney Decl. ¶ 11. Ezeah's speculation about records in unconfirmed servers thus does not cast doubt on EOUSA's search—much less justify reconsideration. *See Stewart*, 826 F. Supp. 2d at 177. The Court therefore denies Ezeah's motion to reconsider the partial grant of summary judgment.

3

**B.**

In its supplemental declaration, EOUSA also corrects the record.  The agency admits its failure to attach Ezeah's FOIA request to its summary judgment briefing.  *See* Def.'s Opp. & Resp. at 1.  It also clarifies that Ezeah's five-item request at ECF No. 11-1 "is not the request that was sent to EOUSA, assigned tracking number" 2023-001525, and "processed by EOUSA."  Supp. Finney Decl. ¶ 7.  Ezeah's actual request—which the agency has now provided—sought only two items:

> [A]ll recorded communications, emails, text messages, phone calls or letters pertaining [to his] prosecution between AUSA Tim Ogilvie and trial attorney Bob Wyatt, during the period of [his] prosecution between January of 2016 and November of 2017.
>
> [C]opies of all recorded communications, emails, text messages, phone calls or letters between AUSA Tim Ogilvie and FBI agent Tim Schmitz pertaining [to his] prosecution between January of 2016 and December of 2017.

*Id.* Attach. A.  Those categories are essentially the same items on which the Court granted summary judgment to EOUSA due to its demonstrably adequate search.  *See* Mem. Op. at 4–5.  In the six months since the agency filed this claim, Ezeah has not disputed that Attachment A is his true FOIA request.  Based on the corrected record, the Court thus grants summary judgment in full to EOUSA.  *See Reps. Comm.*, 754 F. Supp. 3d at 64.  A separate Order will issue.

Dated: February 17, 2026

                                              TREVOR N. McFADDEN
                                              United States District Judge